IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| SAMARITAN MINISTRIES INTERNATIONAL, a religious Illinois non-profit corporation,<br>    6000 N. Forest Park Drive<br>    Peoria, Illinois 61614,<br><br>    and ten of its New Mexico members, namely,<br><br>ZACHARY & RACHEL CORDEL, 662 CR F, Clovis, New Mexico 88101,<br><br>DAVID ALLAN & MONETTE BELL, 3 Mountain Vista Trail, La Luz, NM 88337,<br><br>REV. ANDREW & HEATHER HEATH, 1310 Meadow Lane, Roswell, NM 88203,<br><br>JAY & AMY O'NEILL, 275 Blue Sky Lane, Mesilla Park, NM 88047, and<br><br>REV. NATHAN & REBEKAH BIENHOFF, 3501 Highland Road, Roswell, NM 88201,<br><br>                          *Plaintiffs*,<br>          v.<br><br>ALICE T. KANE, in her personal capacity and in her official capacity as the Superintendent of Insurance for New Mexico, 1120 Paseo de Peralta 4th Floor, Santa Fe, NM 87501,<br><br>                          *Defendant*. | **Case No. 1:23-cv-1091-MIS-SCY**<br><br>**Jury Trial Requested**<br><br><br><br><br><br><br><br>**PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITIES**<br><br><br><br>**Oral Argument Requested on the Pending Motions** |

Plaintiffs hereby identify *Does 1-11 v. Bd. of Regents*, 2024 WL 2012317 (10th Cir. May 7, 2024) and its relevance.

1. *Does* supports ripeness and preenforcement standing for three independent reasons:

    a. "[Plaintiffs have] standing to seek a preliminary injunction against enforcement of

1

      [OSI] Policy because they still suffer a continuing injury from it." *Id*. *10.

   b. Plaintiffs "all had reason to believe they would likely be subject to [OSI] Policy, and therefore suffer constitutional injury to their [religious] rights." *Id*. *6.

   c. "[E]ven [if the] policy is repealed, 'injunctive relief is still called for' when [Plaintiffs] 'remain under a constant threat' that the policy will be reinstated or enforced in the future." *Id*. *9.

2. *Does* reinforces that Defendant "bears the burden of proof on the ultimate question of the challenged [policy's] constitutionality[.]" *Id*. *11.

3. *Does* explicitly, repeatedly, even structurally (with headings) holds that certain religious-freedom violations—such as (a) ***animus*** or (b) intrusive inquiries—are "***categorically***" barred, "***regardless of any purported government interest***." *Id*. *12-13. Thus, ***animus*** is ***categorically barred*** with ***no chance to satisfy strict scrutiny***.

   a. Such animus need not disparage as badly as in *Masterpiece Cakeshop*. *Id*. *22.

   b. To even "characterize someone's religious beliefs [as] insubstantial [or] insincere is to disparage his [or her] religion." *Id*. (cleaned up).

   c. OSI grossly exceeded this bar, equating HCSMs with "scammers trying to lure people." VC ¶¶204-208.

   d. Such descriptions of HCSMs come from OSI "Press Releases" that Defendant explicitly adopts. Interrog. Ans. #4 (Doc. 27-1); *see* VC ¶¶204-208.

   e. Defendant also has never repudiated or even tempered her State's association of Samaritan with "scams, shams, and frauds." VC ¶¶794-800.

4. Where discrimination is less egregious—and therefore not categorically barred—strict scrutiny applies. *Id*. *12-22.

    a. "[Defendant] has not even attempted to explain why its interest is served by granting exemptions to [fraternals] but not [HCSMs]." *Id*. *16.

    b. And Defendant's "Policy is in no way tailored." *Id*. "[It] does not stop exemptions [for insurance-like activity]; it stops only exemptions for religious" activity like Samaritan's. *Id*.

    c. "[Defendant's] Policy is not generally applicable because it grants secular exemptions on more favorable terms than religious exemptions." *Id*. *19.

    d. "[M]otivation for the [Insurance Code] is irrelevant…. What matters is how—and why—[Defendant has] implemented the" Code the way she has. *Id*. *22.

    e. "[B]ecause '[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury,'" and because "the continuing harm alleged by [Plaintiffs] outweighs any harm to the public interest," Plaintiffs are entitled to a preliminary injunction. *Id*. *17.

5. The law was well-established before Defendant's tenure, precluding qualified immunity.

    a. *Does* cites/quotes *Lukumi* (1993) thirteen times and *Colorado/Colo. Christian* (2008) twenty-eight times.

    b. "[Plaintiffs] are likely to succeed on the merits because [Defendant's] Policy clearly violates the Establishment Clause and the Free Exercise Clause as interpreted by our precedents." *Id*. *12; *accord* *17.

Word Count: 484

Dated this 21st day of May, 2024

                                              Respectfully submitted,

                                              **COUNSEL FOR PLAINTIFFS**

GAMMON & GRANGE, P.C.

/s/ *J. Matthew Szymanski*
_____
J. Matthew Szymanski, Esq.
Bar No. 23-267 (lead counsel)
Ph./Fx. (703) 761-5030
JMS@gg-law.com

Scott J. Ward, Esq.
Bar No. 23-361 (co-counsel)
Ph./Fx. (703) 761-5012
SJW@gg-law.com
1945 Old Gallows Road, Suite 650
Tysons, VA 22182

J. BRIAN HELLER, P.C.

J. Brian Heller, Esq.
Associated Counsel (as of 1/9/2024)
200 Walnut Street
Washington, Illinois 61571
jbhpc@comcast.net
Ph. (309) 444-9223
Fx. (309) 444-9723