IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMARITAN MINISTRIES INTERNATIONAL,
ZACHARY CORDEL, RACHEL CORDEL,
DAVID ALLAN BELL, MONETTE BELL, REV.
ANDREW HEATH, HEATHER HEATH, JAY
O'NEILL, AMY O'NEILL, REV. NATHAN
BIENHOFF, and REBEKAH BIENHOFF,

    Plaintiffs,

v.

                                                                                  No. 1:23-cv-01091-MIS-SCY

ALICE T. KANE,
in her personal capacity and in her official
capacity as Superintendent of Insurance for New
Mexico,

    Defendant.

## ORDER STRIKING COMPLAINT

THIS MATTER comes before the Court *sua sponte* pursuant to the Court's inherent power to manage its docket. *See Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) ("District courts are afforded great discretion regarding control of the docket and parties.") (quoting *United States v. Orozco*, 916 F.3d 919, 925 (10th Cir. 2019)); *SEC v. Mgmt. Sols., Inc.*, 824 F. App'x 550, 553 (10th Cir. 2020) ("[A] district court has the inherent power to 'manage [its] own affairs so as to achieve orderly and expeditious disposition of cases.'") (quoting *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016)); *see also* Fed. R. Civ. P. 12(f); *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) (recognizing that a complaint may be stricken *sua sponte* under Fed. R. Civ. P. 12(f)).

**I.    BACKGROUND**

On December 7, 2023, Plaintiffs Samaritan Ministries International, Zachary Cordel, Rachel Cordel, David Allan Bell, Monette Bell, Rev. Andrew Heath, Heather Heath, Jay O'Neill, Amy O'Neill, Rev. Nathan Bienhoff, and Rebekah Bienhoff ("Plaintiffs") filed a Verified

1

Complaint ("Complaint") containing 1,770 factual allegations across 366 pages, to which they attached 68 exhibits amounting to an additional 1,587 pages. ECF No. 1.

**II.     LEGAL STANDARD**

The Court has both an inherent power "not conferred by rule or statute, to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases[,]" and the concurrent power explicitly conferred by Federal Rule of Civil Procedure 12(f) to strike a pleading. *See Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 953 (7th Cir. 2020) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017)). "The Court has a duty to ensure that civil actions are resolved not only fairly, but also without undue cost or delay." *Lowrey v. Sandoval Cnty. Child., Youth and Families Dep't*, No. 1:22-cv-00565-DHU-LF, 2023 WL 2499716, at *1 (D.N.M. Mar. 14, 2023) (citing Fed. R. Civ. P. 1) (quotation omitted). Through Federal Rule of Civil Procedure 12(f)(1), the Court has authority to strike "any redundant, immaterial, impertinent, or scandalous matter" on its own. *See Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1142 (7th Cir. 2009).

When drafting a complaint, Federal Rule of Civil Procedure 8(a)(2) requires that plaintiffs use "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" With brevity in mind, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and citation omitted). To meet this standard, a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). However, a complaint does not need to include an exhaustive list of every fact that plaintiff believes is necessary to prove their case. *See Ullery v. Bradley*, 949 F.3d 1282, 1288 (10th Cir. 2020) ("Under Rule 8, specific facts

are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.") (quotation marks and citation omitted).

The purpose of Rule 12 is to "minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial." *Resol. Tr. Corp. v. Fleischer*, 835 F. Supp. 1318, 1320 (D. Kan. 1993). District courts in the Tenth Circuit generally agree that a court may only strike pleading material when it falls within a Rule 12(f) category and would prejudice the responding party. *See Herman v. PBIA & Co.*, No. 19-cv-00584-RMR-GPG, 2023 WL 2824318, at *1 (D. Colo. Jan. 23, 2023); *see also Rawson v. Sears Roebuck and Co.*, 585 F. Supp. 1393, 1397 (D. Colo. 1984) (denying motion to strike where "no prejudice can result from the challenged allegations"). Prejudice can occur "when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *Id.* (quotation marks and citation omitted).

**III.  DISCUSSION**

In the Complaint, Plaintiffs bring sixteen causes of action against Defendant Alice T. Kane ("Defendant") alleging: four violations of the Free Exercise clause of the First Amendment, ECF No. 1 ¶¶ 1303-68, 1369-1407, 1408-29, 1430-60; a violation of the Establishments clause of the First Amendment, *id.* ¶¶ 1461-78; a separate violation of both religion clauses of the First Amendment, *id.* ¶¶ 1479-1510; two violations of the Free Speech clause of the First Amendment, *id.* ¶¶ 1511-31, 1532-45; a violation of the Free Exercise, Speech, and Assembly clauses collectively, *id.* ¶¶ 1546-69; a violation of the First and Fourteenth Amendments, *id.* ¶¶ 1570-99; two violations of the Equal Protection clause, *id.* ¶¶ 1600-25, 1626-44; a violation of the due process clause, *id.* ¶¶ 1645-73; an assertion of federal preemption, *id.* ¶¶ 1674-1730; a request for

declaratory judgment, *id.* ¶¶ 1731-41; and a violation of the New Mexico Religious Freedom Restoration Act, *id.* ¶¶ 1742-63.

The 366-page Complaint has 1,770 paragraphs and includes 68 exhibits, with an additional 1,587 pages, for a total of 1,953 pages, which is anything but a "short and plain statement" under Rule 8. While the Court appreciates Plaintiffs' thoroughness, in this case, thoroughness has given way to excessiveness. Much of the Complaint is legal argument and includes redundant and immaterial statements—far more information than is necessary to comply with Rule 8.

The length of the Complaint and numerosity of paragraphs will encumber discovery and trial and unduly burden Defendant. *See Herman*, 2023 WL 2824318 at *1 (defining prejudice, in part, as a "lengthy and complex [pleading that] places an undue burden on the responding party"); *Lowrey*, 2023 WL 2499716 at *2 (upholding magistrate judge's order striking a 96-page, 539-paragraph complaint in its entirety for not complying with Rules 1, 8, and 12(f)). Due to limited judicial resources and the prejudice placed on Defendant, the Court must insist upon enforcing the short and plain statement requirement. *See, e.g.*, *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703 (3d Cir. 1996) (affirming dismissal of a second amended complaint that was 240 pages long and included 600 paragraphs); *Kuehl v. F.D.I.C.*, 8 F.3d 905, 906 (1st Cir. 1993) (affirming dismissal of an amended complaint that was 43 pages long with 358 paragraphs and 36 counts); *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 439 (8th Cir. 1983) (affirming dismissal of a 98-page amended complaint with 144 paragraphs); *see also Gometz v. United States*, 334 F. App'x 889, 891 (10th Cir. 2009) (describing a 100-page complaint as too long, in violation of Rule 8); *Ausherman v. Stump*, 643 F.2d 715, 716 (10th Cir. 1981) (describing a 63-page complaint with nine pages of attachments as non-compliant with Rule 8).

By removing redundant and immaterial information, the Court is confident that Plaintiffs can comply with the strictures of *Twombly* and *Iqbal* with less prolixity. While the Court does not set a page limit, Plaintiffs shall limit the body of their complaint to short and plain statements, no more than necessary to state their claims. In pursuit of eliminating redundancy, the Court encourages Plaintiffs to refine their claims to reduce both quantity and length of each cause of action. At this time, the Court will not place limits on exhibits, but Plaintiffs are encouraged to reduce redundancy and immateriality when selecting supporting material.

## IV. CONCLUSION

For the foregoing reasons:

1. Plaintiffs' Verified Complaint [ECF No. 1] is **STRICKEN**; and

2. Plaintiffs have thirty days from the date of this order to file an amended complaint, simply and concisely constructed, embodying short and plain statements of Plaintiffs' claims, and conforming to the above rules and guidance.

*[signature: Margaret Strickland]*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE