IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMARITAN MINISTRIES INTERNATIONAL, a
religious Illinois non-profit corporation,
6000 N. Forest Park Drive
Peoria, Illinois 61614,

and ten of its New Mexico members, namely,

ZACHARY & RACHEL CORDEL, 662 CR F,
Clovis, New Mexico 88101,

DAVID ALLAN & MONETTE BELL, 3 Mountain
Vista Trail, La Luz, NM 88337,

REV. ANDREW & HEATHER HEATH, 1310
Meadow Lane, Roswell, NM 88203,

JAY & AMY O'NEILL, 275 Blue Sky Lane, Mesilla
Park, NM 88047, and

REV. NATHAN & REBEKAH BIENHOFF, 3501
Highland Road, Roswell, NM 88201,

        *Plaintiffs,*

   v.

ALICE T. KANE, in her personal capacity and in her
official capacity as the Superintendent of Insurance
for New Mexico, 1120 Paseo de Peralta 4th Floor,
Santa Fe, NM 87501,

        *Defendant.*

CASE NO: 23-cv-001091-MIS-SCY

**DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' AMENDED COMPLAINT**

    **COMES NOW** Defendant, Alice T. Kane, in her personal capacity and in her official capacity as the Superintendent of Insurance for New Mexico, 1120 Paseo de Peralta 4th Floor, Santa Fe, NM 87501 ("Defendant"), through her counsel, and states the following in support of

her Motion to Strike Plaintiffs' Amended Complaint (the "Motion"):[1]

## PROCEDURAL HISTORY

1. On December 7, 2023, Plaintiffs Samaritan Ministries International, and ten of its New Mexico members, namely Zachary and Rachel Cordel, David Allan and Monette Bell, Rev. Andrew and Heather Heath, Jay and Amy O'Neill, and Rev. Nathan and Rebekah Bienhoff (collectively, the "Plaintiffs") filed their *Verified Complaint* (Doc. No. 1), asserting 16 causes of action against Defendant for several constitutional violations.

2. On June 6, 2024, the Court entered its *Order Striking Complaint* ("Court's Order") (Doc. No. 30). The Court found that the length of the Complaint, 366 pages with an additional 1587 pages of exhibits, was in violation Federal Rule of Civil Procedure 8(a)(2) and prejudiced Defendant.

3. The Court gave Plaintiffs an additional 30 days to file an amended complaint, simply and concisely constructed, embodying short and plain statements of Plaintiffs' claims, and conforming to the rules and guidance in the Court's Order.

4. On July 8, 2024, Plaintiffs filed their *Verified First Amended Complaint* (the "Amended Complaint") (Doc. No. 32).

## LEGAL STANDARD

Although a complaint "must contain sufficient factual matter," (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), a complaint only needs enough facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1955). The Court may strike a pleading, such as a complaint, on its own or by a motion made by a party if the pleading includes "redundant, immaterial, impertinent, or scandalous matter." Immaterial matter "is that which has

---

[1] Pursuant to D.N.M-LR 7.1(a), Defendant sought concurrence for this Motion from Plaintiffs. Plaintiffs oppose this Motion.

no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." *Jenkins v. City of Las Vegas*, 333 F.R.D. 544, 548 (D.N.M. 2019) (citing Alan Wright & Arthur R. Miller, *Federal Practices and Procedure*, § 1382). Additionally, "impertinent" matters are "statements that do not pertain, and are not necessary, to the issues in question." *Jenkins*, 333 F.R.D. at 548 (citing *Sundance Services, Inc. v. Roach*, Civ. No. 10-110 JP/CEG, 2011 WL 13285462, at *2 (D.N.M. June 2, 2011)).

The purpose of Rule 12(f) is "to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial." *Resolution Trust Corp. v. Schonacher*, 844 F. Supp. 689, 691 (D. Kan. 1994). A motion to strike is granted at the district court's discretion, including when a plaintiff's complaint is not short or plain in violation of Rule 8(a)(2). *See Begay v. Public Service Co. of N.M.*, 710 F. Supp. 2d 1161, 1185 (D.N.M. 2010) ("Motions to strike are granted or denied in the court's discretion."); *see also Gometz v. U.S.*, 334 Fed. App'x 889, 891-92 (10th Cir. 2009) (citing *Keuhl v. F.D.I.C.*, 8 F.3d 905, 908 (1st. Cir. 1993)) ("A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement.").

## LEGAL ARGUMENT

**I. PLAINTIFFS' AMENDED COMPLAINT SHOULD BE STRUCK UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(f) BECAUSE IT IS IN VIOLATION OF FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2).**

Plaintiffs' Amended Complaint should be struck under Federal Rule of Civil Procedure 12(f) because it violates Federal Rule of Civil Procedure 8(a)(2) by failing to include "a short plain statement of a claim showing that a party is entitled to relief." Instead, the Amended Complaint includes immaterial and impertinent matters.

Plaintiffs' Amended Complaint includes "immaterial" and "impertinent" matters, and is not short or plain. For example, Plaintiffs' Amended Complaint has 53 paragraphs about Plaintiff Samaritan Ministries International, primarily including statements that are "unnecessary particulars." *See* Doc. No. 30, at pp. 14-31, ¶¶ 38-91. Specifically, the paragraphs do not go to the issues Plaintiffs have brought in their Amended Complaint nor do they address Defendant's alleged wrongdoings. *See id*. Rather, Plaintiffs' Amended Complaint, within those paragraphs, and throughout, contain legal arguments with exhibits implemented within the Amended Complaint. *See Murray v. Sevier*, 149 F.R.D. 638, 640 (D. Kan. 1993) ("When the drafter of the complaint is reduced to defending it by 'what I meant to say' explanations coupled with complicated legal arguments, the complaint does not meet the definition of a 'plain statement.'"). By adding in the unnecessary and irrelevant details, Plaintiffs' Amended Complaint violates Rule 8(a)(2) because it is neither short nor plain. *See Baker v. City of Loveland*, 686 Fed. App'x 619, 620 (10th Cir. 2017) (affirming the district court's decision to dismiss plaintiff's amended complaint because it was "filled with unnecessary legal arguments and detail[,] and . . . include[d] numerous matters that [were] both unnecessary and irrelevant at th[at] stage[.]"); s*ee also Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (other citations omitted) (stating plaintiff's complaint was "unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter.").

Despite Plaintiffs' Verified Complaint being previously stricken for its length, Plaintiffs have continued to include immaterial and impertinent matters in their Amended Complaint in violation of the relevant rules and the Court's Order. The Amended Complaint is still 484 paragraphs across 106 pages to which they attach 26 exhibits amounting to an additional 341 pages of exhibits. Because Plaintiffs' Amended Complaint still contains "immaterial" and "impertinent"

4

matters, and is not short or plain, Plaintiffs' Amended Complaint violates Rule 8(a)(2). For these reasons, Plaintiffs' Amended Complaint should be struck pursuant to Federal Rule of Civil Procedure 12(f).

II.    **PLAINTIFFS' AMENDED COMPLAINT SHOULD BE STRUCK AND DISMISSED WITH PREJUDICE AS A SANCTION BECAUSE IT IS IN VIOLATION OF THE COURT'S ORDER.**

Further, Plaintiffs' Amended Complaint not only violates the Federal Rules of Civil Procedure, but it also violates the Court's Order, which struck Plaintiffs' Verified Complaint for its failure to be "short and plain." *See* Doc. No. 30. Specifically, the Court ordered Plaintiffs to "limit the body of their complaint to short and plain statements, no more necessary to state their claims." *See* Doc. No. 30, at p. 5. Since Plaintiffs' Verified Complaint was already dismissed by this Court and their Amended Complaint still fails to satisfy Rule 8(a)(2) and the requirements set forth in the Court's Order, Plaintiffs should be sanctioned by dismissing the Amended Complaint with prejudice.

The Court allows dismissal with prejudice as a sanction. *See King v. Fleming*, 899 F.3d 1140, 1149 (10th Cir. 2018). Moreover, when a plaintiff fails to cure the errors made in the first complaint in his amended complaint, it is appropriate for the Court to dismiss the amended complaint. *See Gometz*, 334 Fed. App'x at 892 (citing *Abdelsamed v. U.S.*, 13 Fed. App'x 883, 884 (10th Cir. 2001)).

Although not exhaustive, the Court may look to the following factors when determining if dismissal as a sanction is appropriate: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for

noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (other citations omitted).

As for the first element, Defendant is still prejudiced by the length and excessiveness of Plaintiffs' Amended Complaint. As indicated in the Court's Order, Defendant was prejudiced by the Verified Complaint without the enforcement of the short and plain statement requirement. *See* Doc. No. 30, at p. 4. Rather than "removing redundant and immaterial information," Plaintiffs' Amended Complaint fails to "refine their claims to reduce both quantity and length of each cause of action." *See* Doc. No. 30, at p. 5; *see also* Doc. No. 32 (demonstrating that Plaintiffs only reduced their causes of action from sixteen (16) to fourteen (14)).

For the second element, the Court has already issued an Order which required Plaintiffs to amend their Verified Complaint to a "simply and concisely constructed" Amended Complaint to conform with the Federal Rules of Civil Procedure. *See* Doc. No. 30, at p. 5. The Court gave the Plaintiffs an additional 30 days to file an Amended Complaint, and the Amended Complaint still fails to comply with Rule 8(a)(2) as it is not short or plain.

As for the third element, Plaintiffs are fully culpable for filing an Amended Complaint after being warned of its prolixity by the Court, which graciously offered Plaintiffs another chance to refile a more concise Amended Complaint. Plaintiffs chose not to follow the Court's directive.

For the fourth element, although Plaintiffs were not "explicitly warned that dismissal was a sanction . . . . [U]nder the *Ehrenhaus* factors, notice is not a prerequisite for dismissal and some factors will take on more importance than others." *Gross v. General Motors Corp.*, 252 F.R.D. 693, 697 (D. Kan. 2008). By violating the Court's Order, Plaintiffs risked a dismissal with prejudice. *See Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing *Ehrenhaus*, 965 F.2d

6

at 918) ("It is within the court's discretion to dismiss a case, if after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice.").

Finally, as to the fifth element, "no other sanction will be effective" because Plaintiffs "ignored the Court's order[]." *See id*. at 698. Therefore, in the interest of justice, and under the *Ehrenhaus* factors, dismissal with prejudice as a sanction is appropriate in this case. For these reasons, Plaintiffs' Amended Complaint should be struck and dismissed with prejudice.

## CONCLUSION

Plaintiffs' Amended Complaint should be struck pursuant to Federal Rule of Civil Procedure 12(f) because it includes immaterial and impertinent information throughout the Amended Complaint. Plaintiffs' Amended Complaint is over 100 pages and includes over three 300 pages of exhibits, which is unnecessary, and in violation of Federal Rule of Civil Procedure 8(a)(2)'s "short and plain" statement requirement. Further, Plaintiffs violated the Court's Order by failing to cure the deficiencies in their Verified Complaint addressed by the Court in its Order. For these reasons, Plaintiffs' Amended Complaint should be struck, or in the alternative, dismissed with prejudice as a sanction for failing to adhere to the Federal Rules of Civil Procedure and for violating the Court's Order.

**WHEREFORE,** for the foregoing reasons, Defendant respectfully requests this Court strike Plaintiffs' Amended Complaint, or in the alternative, dismiss the Amended Complaint with prejudice as a sanction for failing to comply with the Court's Order, and for all other just and proper relief.

Respectfully submitted,

**OFFICE OF THE SUPERINTENDENT OF INSURANCE**

By: /s/ Alyssa N. Herrera
Stephen P. Thies
Jacqueline N. Ortiz
Alyssa N. Herrera
6200 Uptown Blvd. NE, Ste. 400
Albuquerque, NM 87110
(505) 383-0800
stephen.thies@osi.nm.gov
jacqueline.ortiz@osi.nm.gov
alyssa.herrera@osi.nm.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2024, a true and accurate copy of the foregoing *Defendant's Motion to Strike Plaintiffs' Amended Complaint* was electronically filed with the Court and served upon the parties by means of the CM/ECF system.

*Alyssa N. Herrera*
Alyssa N. Herrera