**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SAMARITAN MINISTRIES INTERNATIONAL, a religious Illinois non-profit corporation,
6000 N. Forest Park Drive
Peoria, Illinois 61614,

and ten of its New Mexico members, namely,

ZACHARY & RACHEL CORDEL, 662 CR F, Clovis, New Mexico 88101,

DAVID ALLAN & MONETTE BELL, 3 Mountain Vista Trail, La Luz, NM 88337,

REV. ANDREW & HEATHER HEATH, 1310 Meadow Lane, Roswell, NM 88203,

JAY & AMY O'NEILL, 275 Blue Sky Lane, Mesilla Park, NM 88047, and

REV. NATHAN & REBEKAH BIENHOFF, 3501 Highland Road, Roswell, NM 88201,

*Plaintiffs,*

v.

ALICE T. KANE, in her personal capacity and in her official capacity as the Superintendent of Insurance for New Mexico, 1120 Paseo de Peralta 4th Floor, Santa Fe, NM 87501,

*Defendant.*

CASE NO: 23-cv-001091-MIS-SCY

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' AMENDED COMPLAINT**

**COMES NOW** Defendant, Alice T. Kane, in her personal capacity and in her official capacity as the Superintendent of Insurance for New Mexico, 1120 Paseo de Peralta 4th Floor, Santa Fe, NM 87501 ("Defendant"), through her counsel, and states the following in support of her Reply in Support of Motion to Strike Plaintiffs' Amended Complaint:

## INTRODUCTION

On July 17, 2024, Defendant filed her *Motion to Strike Plaintiffs' Amended Complaint* (Doc. No. 33) (the "Motion to Strike") in response to the filing of the *Verified First Amended Complaint* (Doc. No. 32) ("Amended Complaint") by Plaintiffs Samaritan Ministries International ("Samaritan"), and ten of its New Mexico members, namely Zachary and Rachel Cordel, David Allan and Monette Bell, Rev. Andrew and Heather Heath, Jay and Amy O'Neill, and Rev. Nathan and Rebekah Bienhoff (collectively, the "Plaintiffs"). In Defendant's Motion to Strike, Defendant asserted that Plaintiffs' Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(f) because it included immaterial and impertinent matters throughout, and failed to comply with the short and plain pleading requirement under Federal Rule of Civil Procedure 8(a)(2). The Amended Complaint was also in violation of the Court's Order directing Plaintiffs to refile an Amended Complaint in compliance with Rules 12(f) and 8(a)(2). Defendant further argued that, in the alternative, dismissing Plaintiffs' Amended Complaint is appropriate because it violated the Court's Order.

On July 22, 2024, Plaintiffs filed Samaritan and Individual Plaintiffs' Opposition to Defendant's Motion to Strike Their Amended Complaint (Doc. No. 36) (the "Response"), arguing that: the "75%" reduction of material from the Verified Complaint complies with Rule 8(a)(2) and the Court's Order, the Amended Complaint removes the redundant and immaterial information presented in the Verified Complaint, and there are no grounds for dismissal under the *Ehrenhaus* factors.

However, Plaintiffs' Amended Complaint should still be dismissed. Despite Plaintiffs' argument that the material asserted in its Amended Complaint is necessary, the "75%" reduction does not cure the Amended Complaint's deficiencies. Plaintiffs' Amended Complaint contains

several immaterial and impertinent facts and/or statements throughout the entirety of the Amended Complaint, including information related to enforcement actions against healthcare sharing ministries other than Samaritan, warranting it to be struck under Federal Rule of Civil Procedure 12(f). Moreover, the length and numerosity of Plaintiffs' Amended Complaint prejudices Defendant because, despite the reduction Plaintiffs made, it is not simple, concise, or direct, nor short and plain, as required by Rule 8. Finally, all the *Ehrenhaus* factors are satisfied, which favors dismissal of Plaintiffs' Amended Complaint as a sanction.

For the reasons discussed in the Motion to Strike, and herein, Defendant respectfully requests this Court strike Plaintiffs' Amended Complaint.

## LEGAL ARGUMENT

### I. PLAINTIFFS' AMENDED COMPLAINT STILL VIOLATES THE FEDERAL RULES OF CIVIL PROCEDURE AND SHOULD BE STRUCK.

#### A. Plaintiffs' Amended Complaint Should be Dismissed Under Rule 12(f) Because it Contains Immaterial and Impertinent Facts Throughout the Entire Amended Complaint.

Plaintiffs' Amended Complaint has several immaterial and impertinent "facts" throughout the entirety of the Amended Complaint. In the Motion to Strike, Defendant highlighted one group of paragraphs in Plaintiffs' Amended Complaint that were immaterial and impertinent. *See* Doc. No. 33, at pp. 4-5. However, it is evident that Plaintiffs' Amended Complaint is littered with immaterial and impertinent statements. The pleading speaks for itself. Despite Plaintiffs' argument that their Amended Complaint "embodies four years of complex litigation," Plaintiffs still chose to include facts that are immaterial to Plaintiffs' claims because the litigation history cited does not include Samaritan as a party. *See* Plaintiffs' Amended Complaint, (Doc. No. 32), at pp. 36-45; 56-59 (explaining and discussing the Office of the Superintendent's ("OSI") press release

addressing healthcare sharing ministries in general, and discussing OSI's enforcement actions against other healthcare sharing ministries that are not Samaritan).

Enforcement actions brought against other healthcare sharing ministries cannot bolster Samaritan's own claims and are therefore immaterial and impertinent. *See Montano v. Donahoe*, No. CV 14-0634 WJ/GJF, 2016 WL 5338520, at *15 (D.N.M July 29, 2016), *aff'd sub nom. Montano v. Brennan*, 718 F. App'x 690 (10th Cir. 2017) (stating that "[p]laintiff cannot use evidence of retaliation alleged by another employee to bolster her own claim of retaliation; such evidence is immaterial to the question of whether Defendant's conduct *toward Plaintiff* was based on Plaintiff's filing of her EEO charge.") (emphasis in original); *see also Amparam v. Demir*, 234 F. Supp. 3d 1110, 1115 (D.N.M 2017) (stating that a fact that apparently bolsters a claim was not material because it would not change the outcome of the current case). Therefore, any enforcement and/or litigation actions involving OSI and other healthcare sharing ministries is immaterial to Plaintiffs' claims.

Further, it is not up to the Court, or Defendant, to determine which facts are important to Plaintiffs' claims. *See Gibson v. City of Cripple Creek, Colo.*, 48 F.3d 1231 (Table), at *1 (10th Cir. 1995) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure,* 1281, at 522 (2d ed. 1990)) (stating the Court should not "grope through . . . pages of irrational prolix and redundant pleadings, containing matters foreign to the issue involved . . . in order to determine the grounds for the petitioner's complaint."). Despite this requirement, Plaintiffs' convoluted and lengthy Amended Complaint requires Defendant, and this Court, to determine which facts are important to their claims.

Here, because Plaintiffs purposefully asserted several "facts" which are not related to Samaritan or Plaintiffs' claims, which makes it difficult for the Court and Defendant to determine

which facts present are important to Plaintiffs, such statements are immaterial and impertinent. Therefore, striking Plaintiffs' Amended Complaint is proper.

**B.     Defendant is Still Prejudiced by the Length and Numerosity of Plaintiffs' Amended Complaint.**

Moreover, in Plaintiffs' Response, Plaintiffs contend that the Amended Complaint is in conformance with Rule 8 and should not be stricken because there is a 75% reduction in words and material in the Amended Complaint. What Plaintiffs fail to state in their Response is that a 75% reduction still leads to 484 paragraphs across 106 pages to which 26 exhibits are attached, amounting to an additional 341 pages. The analysis is not whether a 75% reduction has been completed, but whether the Amended Complaint still violates the Federal Rules of Civil Procedure by failing to limit the complaint to a concise statement of facts.

Further, despite Plaintiffs' contention that "Defendant can hardly complain of prejudice" now that the Amended Complaint is much shorter than Plaintiffs' Verified Complaint, "[t]he Court will not require a showing of prejudice under Rule 12(f)." *Jenkins v. City of Las Vegas*, 333 F.R.D. 544, 548 (D.N.M. 2019). Courts will typically not require the moving party to show prejudice under a Rule 12(f) motion because it is not a requirement set forth in the Rule's plain text. *See id*. Even without such a requirement, however, the Court previously found Plaintiffs' Verified Complaint placed an undue burden on Defendant due to its violation of the short and plain statement required by Rule 8(a)(2). *See Order Striking Complaint*, (Doc. No. 30), at p. 4 ("The length of the Complaint and numerosity of paragraphs will encumber discovery and trial and unduly burden Defendant.").

Here, Defendant is still subject to an undue burden and prejudiced by the length and numerosity of Plaintiffs' Amended Complaint. "Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the

responding party." *Foster v. Pfizer Inc.*, No. 00-1287-JTM, 2000 WL 33170897, at *2 (D. Kan. Dec. 12, 2000) (citing *Hoffman Dombrowski v. Arlington Int'l Racecourse, Inc.*, 11 F. Supp, 2d 1006, 1009 (N.D. Ill. 1998)). The requirement under the Federal Rules of Civil Procedure is that the pleading provides "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Specifically . . . 'simple, concise, and direct' statements indicating Plaintiffs' claims and legal theories are necessary to inform Defendant of its alleged wrongful conduct." *Roger v. United States Environmental Protection Agency*, Civil No. 15-CV-036-S, 2015 WL 13808659, at *3 (D. Wyo. Sept. 4, 2015). Instead of simplifying Plaintiffs' Amended Complaint, the length and complexity in which Plaintiff drafted their Amended Complaint prejudices Defendant. *See id.*, at *1 (granting Defendant's Motion to Strike Plaintiffs' First Amended Complaint because it was "unnecessarily lengthy, vague, confusing, and indiscernible to the extent that it prejudices Defendant in formulating its defense.").

Because Plaintiffs' Amended Complaint still fails to conform with the "short and plain statement" requirement of Rule 8(a)(2), resulting in prejudice to Defendant, striking the Amended Complaint is proper.

## II. IN THE ALTERNATIVE, DISMISSING PLAINTIFFS' COMPLAINT WITH PREJUDICE FOR VIOLATING THE COURT'S ORDER IS PROPER.

As indicated in Defendant's Motion to Strike and above, Plaintiffs' Amended Complaint violates the Court's Order, which directed the Plaintiffs to "remove redundant and immaterial information[.]" *See* Doc. No. 30, at p. 5. Dismissal of an action is appropriate when a plaintiff fails to comply with the Court's orders. *See Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 858 (10th Cir. 2018). As for the factors set forth in *Ehrenhaus v. Reynolds*, Plaintiffs have in fact prejudiced Defendant, interfered with the judicial process, and are culpable for violating the Court's Order. 965 F.2d 916, 921 (10th Cir. 1992). Further, Plaintiffs risked their

Amended Complaint being dismissed when they violated the Court's Order, and in the interest of justice, no lesser sanction will be effective. *See id*.

Despite Plaintiffs' reduction in the Amended Complaint, Defendant is still prejudiced because the Amended Complaint is not concise, and it violates Rule 8(a)(2)'s short and plain statement requirement. *See McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (finding the first *Ehrenhaus* factor weighed in favor of dismissal as the defendant was actually prejudiced because the amended complaint contained distracting and irrelevant details, causing the defendant to review hundreds of pages to ascertain which paragraphs contained pertinent allegations which warranted responses). Therefore, the first *Ehrenhaus* factor weighs in favor of dismissal.

Next, Plaintiffs have interfered with the judicial process through the filing of their Verified Complaint and Amended Complaint, which both violated Rule 8. Further, Plaintiffs' Amended Complaint violated the Court's Order because it did not remove immaterial information throughout. As a result, the additional "workload of the Court [] interfere[s] with the administration of justice." *See Rice v. International Revenue Service*, Civil Action No. 13–cv–01833–PAB, 2013 WL 5496806, at *1 (D. Colo. Aug. 26, 2013) (also stating "plaintiff's failure to comply with the Court's orders demonstrates a lack of respect for the judicial process."). Therefore, the second *Ehrenhaus* factor weighs in favor of dismissal.

Further, even if Plaintiffs did not act in bad faith, "*Ehrenhaus* did not establish a floor of culpability." *Auto-Owners Ins. Co. Ass'n*, 886 F.3d at 860. Plaintiffs need not act with malice to be culpable for violating Rule 8 and the Court's Order. *See LaFleur v. Teen Help*, 342 F.3d 1145, 1151-52 (10th Cir. 2003) (affirming dismissal of plaintiffs' claims as the plaintiffs violated a discovery order when they did not produce discovery documents by the deadline). However,

Plaintiffs *did* deliberately file a lengthy and convoluted Verified Complaint and failed to follow the Court's Order to remove the redundant and immaterial information in their Amended Complaint. Therefore, the third *Ehenhaus* factor weighs in favor of dismissal.

Moreover, even if the Court did not explicitly warn Plaintiffs their Complaint was at risk of being dismissed, "notice is not a prerequisite for dismissal under *Ehrenhaus*." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1149 (10th Cir. 2007). Constructive notice is legally sufficient. *See id.*, at 1150. Plaintiffs risked dismissal with the filing of their lengthy and convoluted Verified Complaint. The Court found that the Verified Complaint with all of its impertinent and redundant material would unduly burden Defendant. Further, the Court cited to several cases that affirmed dismissal of complaints due to their length and violations of Rule 8. *See* Doc. No. 30, at p. 4. Thus, Plaintiffs had constructive notice that dismissal of their Amended Complaint was a possibility if they did not follow the Court's directives. Plaintiffs' Amended Complaint still violates the Court's Order because it contains impertinent and immaterial information, warranting it to be struck pursuant to Rule 12(f). Therefore, the fourth *Ehrenhaus* factor weighs in favor of dismissal.

Additionally, as previously stated, the page limit is not the issue here. Rather, it is the impertinent and immaterial allegations throughout the Amended Complaint and Plaintiffs' failure to conform with the Court's Order that warrants dismissal, and no lesser sanction. *See Settle v. Brim*, 182 F.R.D. 635, 638 (D.N.M. 1998), *aff'd*, 162 F.3d 1174 (10th Cir. 1998) (when a plaintiff "ignores Court orders, no other sanction other than dismissal will be effective to insure compliance with Court rules."). Therefore, the fifth *Ehrenhaus* factor weighs in favor of dismissal.

Finally, the Tenth Circuit has found dismissal proper when, as in this case, "the district court has given the plaintiff leave to amend and the successive pleading remains 'so confused,

ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Williamson v. Owners Resort & Exchange*, 90 Fed. App'x 342, 345-46 (10th Cir. 2004) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988)).

For these reasons, as all the *Ehrenhaus* factors favor dismissal, dismissing Plaintiffs' Amended Complaint as a sanction due to its failure to follow the Court's Order is proper.

**CONCLUSION**

**WHEREFORE**, for the foregoing reasons, and the reasons set forth in Defendant's Motion to Strike, Defendant respectfully requests this Court strike Plaintiffs' Amended Complaint, or in the alternative, dismiss the Amended Complaint with prejudice as a sanction for failing to comply with the Court's Order, and for all relief that is just and proper.

Respectfully submitted,

**OFFICE OF THE SUPERINTENDENT OF INSURANCE**

By: /s/ Alyssa N. Herrera
Stephen P. Thies
Jacqueline N. Ortiz
Alyssa N. Herrera
6200 Uptown Blvd. NE, Ste. 400
Albuquerque, NM 87110
(505) 383-0800
stephen.thies@osi.nm.gov
jacqueline.ortiz@osi.nm.gov
alyssa.herrera@osi.nm.gov

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2024, a true and accurate copy of the foregoing *Defendants' Reply in Support of Motion to Strike Plaintiffs' Amended Complaint* was electronically filed with the Court and served upon the parties by means of the CM/ECF system.

*Alyssa N. Herrera*
Alyssa N. Herrera