**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SAMARITAN MINISTRIES INTERNATIONAL, a
religious Illinois non-profit corporation,
6000 N. Forest Park Drive
Peoria, Illinois 61614,

and ten of its New Mexico members, namely,

ZACHARY & RACHEL CORDEL, 662 CR F,                     CASE NO: 23-cv-001091-MIS-SCY
Clovis, New Mexico 88101,

DAVID ALLAN & MONETTE BELL, 3 Mountain
Vista Trail, La Luz, NM 88337,

REV. ANDREW & HEATHER HEATH, 1310
Meadow Lane, Roswell, NM 88203,

JAY & AMY O'NEILL, 275 Blue Sky Lane, Mesilla
Park, NM 88047, and

REV. NATHAN & REBEKAH BIENHOFF, 3501
Highland Road, Roswell, NM 88201,

             *Plaintiffs,*

       v.

ALICE T. KANE, in her personal capacity and in her
official capacity as the Superintendent of Insurance
for New Mexico, 1120 Paseo de Peralta 4th Floor,
Santa Fe, NM 87501,

             *Defendant.*

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
## AMENDED COMPLAINT IN LIEU OF AN ANSWER

**COMES NOW** Defendant, Alice T. Kane, in her personal capacity and in her

official capacity as the Superintendent of Insurance for New Mexico, 1120 Paseo de Peralta 4th Floor,

Santa Fe, NM 87501 ("Defendant"), through her counsel, and states the following in support of

her Motion to Dismiss Plaintiffs' Amended Complaint in Lieu of an Answer:[1]

## INTRODUCTION

Plaintiff Samaritan Ministries International ("Samaritan") identifies itself as health care sharing ministry ("HCSM" or "ministry") with New Mexico 918 members as of October 1, 2023. Individual Plaintiffs Zachary & Rachel Cordel, David Allan & Monette Bell, Rev. Andrew & Heather Heath, Jay & Amy O'Neill, and Rev. Nathan & Rebekah Bienhoff (the "Individual Plaintiffs") are identified as members of Samaritan. Plaintiffs filed a 106-page Amended Complaint ("Amended Complaint") (Doc. No. 32) in a peremptory attempt to prevent Defendant, who is named in both her personal capacity and official capacity as the Superintendent of Insurance, from taking any regulatory enforcement action against the Plaintiffs.

Specifically, Defendant moves for dismissal of Plaintiffs' Amended Complaint for the following reasons pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6): (1) Eleventh Amendment immunity as applied to all of Plaintiffs' federal claims and the Eleventh Amendment bar to Plaintiffs' claim under the New Mexico Religious Freedom Restoration Act; (2) lack of standing for Plaintiffs to bring all of their claims in this forum; (3) lack of ripeness of all of Plaintiffs' claims for judicial review; (4) because Defendant is entitled to qualified immunity against all of Plaintiffs' federal claims; (5) because the application of the New Mexico Insurance Code is not preempted by federal law as its provisions do not violate the Supremacy Clause of the federal Constitution; and (6) because Plaintiffs are not entitled to declaratory relief as Plaintiffs fail to show that Defendant violated Plaintiffs' constitutional rights.

---

[1] Pursuant to D.N.M-LR 7.1(a), Defendant sought concurrence for this Motion from Plaintiffs. Plaintiffs oppose this Motion.

In their Amended Complaint, Plaintiffs plead a total of fourteen (14) causes of action, alleging that unless prohibited from acting, any future enforcement action would violate their federal and state constitutional rights. In support of their Amended Complaint, the Plaintiffs have attached over 300 pages of exhibits. However, nowhere in Plaintiffs' Amended Complaint nor their exhibits have Plaintiffs presented evidence that Defendant or the Office of the Superintendent of Insurance ("OSI") threatened or contemplated enforcement against Samaritan. For these reasons, and as further detailed below, Plaintiffs' Amended Complaint should be dismissed in accordance with Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## LEGAL STANDARDS

When a Defendant brings a motion to dismiss pursuant to Rule 12(b)(l), it is the Plaintiffs' burden to prove that subject matter jurisdiction exists. *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995). A motion to dismiss under Rule 12(b)(l) may assert either a facial attack or a factual attack as to subject matter jurisdiction. *Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp. 2d 1256, 1265 (D.N.M. 2011). When a defendant raises a factual attack on subject matter jurisdiction, "a district court may not presume the truthfulness of the complaint's factual allegations." *Id*.  In making its decision, the Court may also consider evidence extrinsic to the pleadings. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

Further, when reviewing a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6), the Court "accept[s] as true all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (citation and internal quotation omitted). However, "[t]o survive [dismissal,] a complaint must contain enough facts to state a claim to relief that is plausible on its face." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation omitted)). "A

claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief." *Garcia v. Cole*, 428 F. Supp. 3d 644, 650 (D.N.M. 2019).

## LEGAL ARGUMENT

I.  **PLAINTIFFS' CLAIMS SHOULD BE DISMISSED UNDER 12(B)(1) BECAUSE SUCH CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT AND PLAINTIFFS DO NOT HAVE STANDING TO BRING SUCH CLAIMS.**

   A.  **All Federal Causes of Action Asserted in Plaintiffs' Amended Complaint Should be Dismissed Because they are Barred by Eleventh Amendment Immunity.**

First, Plaintiffs' Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Defendant is entitled to Eleventh Amendment Immunity. A motion to dismiss premised on sovereign immunity is properly brought under Rule 12(b)(1). *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995); *see also Sato v. Orange County Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017) ("A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or Rule 12(b)(6) motion."). "State sovereign immunity from suit is a jurisdictional inquiry, and it must be resolved before proceeding to the merits of a case." *Cunningham v. Univ. of New Mexico Bd. of Regents*, 779 F. Supp. 2d 1273, 1277 (D.N.M. 2011), *aff'd*, 531 Fed. App'x 909 (10th Cir. 2013) (citations omitted).

New Mexico has inherent sovereign immunity as recognized by the Eleventh Amendment. *See* U.S. Const., amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United State[.]"). Eleventh Amendment immunity extends to both State agencies and State officials as "an arm of the state." *Tafoya v. New Mexico*, 517 F. Supp. 3d 1250, 1273 (D.N.M. 2021) (citing *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 280-81 (1977)); *see also*

4

*Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (internal quotation marks and citation omitted) ("The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in a federal court against a state and arms of the state."). "Exceptions to a state's Eleventh Amendment immunity are few." *Tafoya*, 517 F. Supp. 3d at 1273.

Here, sovereign immunity precludes the Court's subject-matter jurisdiction over Plaintiffs' claims brought against Defendant because as a State official, she is an arm of the State and entitled to such immunity. Moreover, the Plaintiffs bear the burden of proving that immunity does not apply. *See Havens v. Colorado Dep't of Corr.*, 897 F.3d 1250, 1260 (10th Cir. 2018); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) ("the party asserting subject matter jurisdiction has the burden of proving its existence, i.e. that immunity does not bar the suit."); *see e.g.*, *Wells Fargo Bank, Nat. Ass'n. v. Se. New Mexico Affordable Hous. Corp.*, 877 F. Supp. 2d 1115, 1132 (D.N.M. 2012). Nothing asserted in Plaintiffs' Amended Complaint suggests Defendant's immunity should be waived in this case.

There are two recognized exceptions to a State's Eleventh Amendment immunity, including when (1) the State has consented or otherwise waived its sovereign immunity; and (2) if Congress has abrogated the State's sovereign immunity under Section Five of the Fourteenth Amendment. *See Ward v. Presbyterian Healthcare Services*, 72 F. Supp. 2d 1285, 1290 (D.N.M. 1999). Neither exception applies under these circumstances.

With respect to consent or waiver, the Plaintiffs have neither pled nor provided any proof that the State, in this case, the position of Defendant—the Superintendent of Insurance[2]—has consented to be sued or waived her sovereign immunity. Waiver will be found only where stated "by the most express language or by such overwhelming implications from the text . . . leav[ing]

---

[2] *See* N.M. Const. art. XI, § 20; Section 59A-2-2, NMSA 1978.  Superintendent; appointment; term; compensation; removal.

no room for any other reasonable construction." *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171 (1909). Any purported waiver "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Peña*, 518 U.S. 187, 192 (1996). For this reason, Plaintiffs' claims are barred as a matter of law. *Tafoya*, 517 F. Supp. 3d at 1273.

Secondly, Plaintiffs' Amended Complaint asserts Plaintiffs are entitled to relief under 42 U.S.C. § 1983 and/or 28 U.S.C. § 2201. However, the language of those statutory provisions fail to support a conclusion that Congress intended to abrogate State immunity. The Supreme Court has held that Congress did not, when enacting 42 U.S.C. § 1983, "intend[] by the general language of the [Civil Rights Act of 1871] to overturn the constitutionally guaranteed immunity of the several States." *See Quern v. Jordan*, 440 U.S. 332, 341 (1979). Similarly, the fact that the Plaintiffs have bundled their § 1983 claims with a request for declaratory judgment pursuant to 28 U.S.C. § 2201 does not provide this Court with jurisdiction, as "[t]he Declaratory Judgment Act itself does not provide a waiver of sovereign immunity." *See Stone v. Dep't of Hous. & Urb. Dev.*, 859 F. Supp. 2d 59, 64 (D.D.C. 2012) (citing *Walton v. Fed. Bureau of Prisons*, 533 F. Supp. 2d 107, 114 (D.D.C. 2008)). It does not matter whether a federal plaintiff seeks either retroactive or prospective relief, a State's Eleventh Amendment applies to both. *See Cory v. White*, 457 U.S. 85, 90 (1982); *see also ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007) (stating the Eleventh Amendment bars a federal suit against a state agency regardless of the type of relief sought).

Therefore, Plaintiffs' claims against Defendant should be dismissed as they are wholly barred by the Eleventh Amendment and in accordance with under Rule 12(b)(1).

**B.**        **Plaintiffs' Cause of Action Brought Under the New Mexico Religious Freedom Restoration Act is Barred by the Eleventh Amendment.**

Further, Plaintiffs' claim brought under the New Mexico Religious Freedom Restoration Act ("NMRFRA") should be dismissed because NMRFRA does not allow Plaintiffs to bring such claims against Defendant in federal court. "[A]bsent a state's consent, the Eleventh Amendment prohibits a federal court from adjudicating state-law claims against a state." *Doe v. Univ. of Colo., Boulder ex rel Bd. of Regents of the Univ. of Colo.,* 255 F. Supp. 3d 1064, 1086 (10th Cir. 2017) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)). Such consent must be express and unequivocal as the State may waive its immunity "where stated by the most express language or by such overwhelming implication from the text of a state statutory or constitutional provision as will leave no room for any other reasonable construction." *V-1 Oil Co. v. Utah Dept. of Pub. Safety*, 131 F.3d 1415, 1421 (10th Cir. 1997) (other citations omitted); *see also Wojciechowski v. Harriman*, 607 F. Supp. 631, 634 (D.N.M. 1985). "The test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one . . . . Thus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in federal court." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985), *superseded by statute as stated in Lane v. Pena*, 518 U.S. 187 (1996).

New Mexico has not expressed any general consent for suit in federal courts against the Superintendent of Insurance when it enacted the NMRFRA. Although Section 28-22-4(B) does provide for a waiver of immunity, that waiver is expressly limited by Section 41-4-4(A) of the New Mexico Tort Claims Act to claims brought in *state* district court.  Section 41-4-4(A) expressly provides that the "[w]aiver of this immunity shall be limited to and governed by the provisions of Sections 41-4-13 through 41-4-25 NMSA 1978[.]" Section 41-4-18(A) provides that "[e]xclusive

original jurisdiction for any claim under the Tort Claims Act shall be in the district courts of New Mexico."  It is well settled that "[a] State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation." *Ward*, 72 F. Supp. 2d at 1293 (citing *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999)).  "[O]nly an express statement of 'the State's intention to subject itself to suit in federal court' is sufficient." *Gallegos v. Bernalillo Cnty. Bd. of Commissioners*, No. CV 16-0127 JB/WPL, 2017 WL 3575883, at *41 (D.N.M. Aug. 17, 2017) (citing *Scanlon*, 473 U.S. at 241).

The express statement of legislature's intention as reflected in Section 41-4A-3(B) of NMRFRA is that waiver of immunity is limited to claims brought in the state district courts of New Mexico. Therefore, the Plaintiffs' claims under the NMRFRA must be brought in state district court, not federal court. Thus, this Court lacks jurisdiction to hear Plaintiffs' NMRFRA claim.

Therefore, Plaintiffs' claim brought under NMRFRA should be dismissed in accordance with Rule 12(b)(1).

### C.    Plaintiffs Lack Standing to Bring Their Claims Against Defendant.

Further, this Court lacks subject matter jurisdiction to hear Plaintiffs' claims because Plaintiffs have not shown they have standing to bring such claims in this Court. "Motions to dismiss for lack of standing are 'properly brought pursuant to rule 12(b)(1), because standing is a jurisdictional matter.'" *Hernandez v. Grisham*, 499 F. Supp. 3d 1013, 1047 (D.N.M. 2020) (citing *Ballentine v. United States*, 486 F.3d 806, 810 (3rd Cir. 2007)). Additionally, "[t]he party invoking federal jurisdiction bears the burden of establishing the[] elements [of standing]." *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). Specifically, Plaintiffs lack standing because they have not demonstrated they have a "concrete" and "particularized" injury in fact. To establish standing, a plaintiff must demonstrate that: (1) they have suffered an injury in fact, (2) the injury

8

is causally connected to the challenged action of the defendant, and (3) a favorable decision would likely redress the injury. *See Lujan,* 504 U.S. 555 at 560-61.

The requirement of standing is rooted in Article III of the U.S. Constitution, which limits the jurisdiction of federal courts to "case" and "controversies." Standing is a fundamental requirement for a party to bring a case in federal court. To satisfy Article III of the Constitution, "a plaintiff must have standing to bring a claim in federal court." *Utah Physicians for a Healthy Environment v. Diesel Power Gear, L.L.C.,* 374 F. Supp. 3d 1124, 1131 (D. Utah 2019) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180 (2000)). Without standing, a plaintiff does not have a legally recognized injury, and their case cannot be heard in this Court. Here, Plaintiffs' lack of standing is a fundamental defect in the Amended Complaint, as it is a jurisdictional issue that goes to the court's power to hear and decide a case.

An injury in fact is a concrete and particularized harm that is actual or imminent, not hypothetical or speculative. *Friends of the Earth, Inc.* 528 U.S. at 180. Further, an injury in fact is an "invasion of a plaintiff's legally protected interest." *Calvary Albuquerque, Inc. v. Blinken*, 2024 WL 1093818, ---F. Supp. 3d---, at *16 (D.N.M. 2024). The "injury has to be 'fairly . . . trace[able] to the challenged action of the defendant[.]" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citing *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976)). Finally, the injury must be "likely" and not "speculative" so that the injury is "redressed by a favorable decision." *See Lujan,* 504 U.S. at 560 (other citations omitted). A plaintiff does not satisfy Article III's standing requirement just because the plaintiff has "a general legal, moral, ideological, or policy objection to particular government action." *Food and Drug Admin. v. Alliance for Hippocratic Medicin*e, 602 U.S. 367, 381 (2024).

Here, Plaintiffs have not satisfied the injury in fact requirement. Plaintiffs' allegations only address *possible future* harm, not concrete and particularized harm they have experienced by actions taken by Defendant against them. Plaintiffs have only provided prospective harm that Samaritan and its members *might* face *if* Defendant and/or OSI bring enforcement or litigation actions against Plaintiffs. Possible future harm does not satisfy the injury and fact element of the standing analysis. The presence of a statute, like the Insurance Code, "in the absences of enforcement or credible threat of enforcement, does not entitle [just] anyone to sue[.]" *See Winsness v. Yocom*, 433 F.3d 727, 732 (10th Cir. 2006). Therefore, without enforcement action taken against Plaintiffs, there can be no injury in fact. If there is no injury in fact, there cannot be a causal relationship between Defendant's conduct and Plaintiffs' alleged injuries. Further, if there is no injury, the injury cannot be redressed by this Court. Therefore, because there is no injury in fact, Plaintiffs cannot demonstrate they have satisfied *any* of the elements required under the standing analysis.

Moreover, even if Plaintiffs argue they meet the elements of "pre-enforcement standing," Plaintiffs have failed to "allege[] a sufficiently imminent injury for the purposes of Article III." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 151 (2014). In their Amended Complaint, Plaintiffs cite to Ninth Circuit precedent in which the Court found that plaintiff had standing under its prospective pre-enforcement injury claims. *See* Doc. No. 32, at ¶¶ 2, 308, and 370; *see also Seattle Pacific Univ. v. Ferguson*, 104 F.4th 50 (9th Cir. 2024). However, Ninth Circuit precedent does not bind this Court. *See Bacote v. Federal Bureau of Prisons*, 94 4th 1162, 1168 (10th Cir. 2024) ("As a general principal, opinions handed down in one circuit does not bind other circuit courts."). Additionally, even if this Court were to find the Ninth Circuit Court's analysis in *Ferguson* persuasive, Plaintiffs have not alleged "a credible threat of enforcement." Plaintiffs have

not been subject to any enforcement action initiated by Defendant or OSI. Further, Plaintiffs have

provided no evidence that any enforcement action is currently being contemplated by Defendant

or OSI. If Defendant nor OSI have contemplated enforcement action against Samaritan, then there

cannot be a "credible threat of enforcement."

Therefore, any claims brought by Plaintiffs should be dismissed because they do not have

standing to bring their claims against Defendant and in accordance with Rule 12(b)(1).

## II.     PLAINTIFFS' CLAIMS SHOULD BE DISMISSED UNDER 12(B)(6) BECAUSE THE CLAIMS ARE NOT RIPE FOR JUDICIAL REVIEW, DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY, PLAINTIFFS' CLAIMS ARE NOT FEDERALLY PREEMPTED, AND BECAUSE PLAINTIFFS ARE NOT ENTITLED TO DECLARATORY RELIEF.

### A.     All Causes of Action Brought Forth in Plaintiffs' Amended Complaint Should be Dismissed Because They are not Ripe.

"[R]ipeness is properly analyzed under Rule 12(b)(6) rather than 12(b)(1) because it does

not implicate subject matter jurisdiction." *North Mill Street, LLC v. City of Aspen*, 6 F.4th 1216,

1230 (10th Cir. 2021). Throughout Plaintiffs' Amended Complaint, Plaintiffs seek a determination

that some possible future enforcement action against Samaritan violates various constitutional

rights of both Samaritan and its members, including the Individual Plaintiffs. However, these

causes of action should be dismissed because they are not ripe for judicial determination.

Ripeness is a justiciability doctrine designed "to prevent the courts, through avoidance of

premature adjudication, from entangling themselves in abstract disagreements over administrative

policies, and also to protect the agencies from judicial interference until an administrative decision

has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott

Laboratories v. Gardner*, 387 U.S. 136, 148–49 (1967), *abrogated on other grounds by Califano

v. Sanders*, 430 U.S. 99, 105 (1977); *accord Ohio Forestry Assn., Inc. v. Sierra Club*, 523 U.S.

726, 732–33 (1998). The ripeness doctrine is "drawn both from Article III limitations on judicial

power and from prudential reasons for refusing to exercise jurisdiction," *Reno v. Catholic Social Services, Inc*., 509 U.S. 43, 57, n. 18 (1993) (citations omitted). A case must be ripe for this Court to exercise Article III jurisdiction over it. *See Initiative and Referendum Inst. v. Walker,* 450 F.3d 1082, 1097 (10th Cir. 2006).

Further, determination of prudential ripeness requires the Court to evaluate: (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration. *Abbott Laboratories*, 387 U.S. at 149. Ripeness issues focus "not on whether the plaintiff was in fact harmed, but rather 'whether the harm asserted has matured sufficiently to warrant judicial intervention.'" *Morgan v. McCotter*, 365 F.3d 882, 890 (10th Cir. 2004) (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Moreover, "[u]nder the ripeness doctrine, federal courts 'will not decide a case where the claim involves contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Jumara v. State Farm Ins. Co*., 55 F.3d 873, 883 (3d Cir. 1995) (quoting *Thomas v. Union Carbide Agric. Prods. Co.,* 473 U.S. 568, 580–81 (1985)); *see also United States v. Bennett*, 823 F.3d 1316, 1326 (10th Cir. 2016).

Plaintiffs have not demonstrated their claims are fit for judicial review nor how withholding judicial review would cause them hardship:

### 1.    Plaintiffs Have Not Shown Their Claims Are Fit for Judicial Review.

When considering if an issue is fit for judicial review, the Court will focus on "whether determination of the merits turns upon strictly legal issues or requires facts that may not be sufficiently developed." *Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1118 (10th Cir. 2008) (other quotations omitted). The Court will also consider "'whether judicial intervention would inappropriately interfere with further administrative action' and 'whether the courts would benefit from further factual development of the issues presented.'" *Farrell-Cooper Mining Co. v. United*

*States DOI*, 728 F.3d 1229, 1234–35 (10th Cir. 2013) (quoting *Sierra Club v. Dep't of Energy*, 287 F.3d 1256, 1262–63 (10th Cir. 2002)).

Plaintiffs' claims do not present a clear legal issue. A number of judicial decisions and administrative decisions have concluded that similar programs that Samaritan provides constitute the business of insurance. *See e.g.*, *Commonwealth v. Reinhold*, 325 S.W.3d 272 (2010); *LeCann v. The Aliera Companies, Inc,* Case No. 1:20-cv-02429 (N.D. GA. slip op at 65, June 22, 2021, appeal dismissed, llCir., Dec. 15, 2021); *Maryland Insurance Administration v. Medi Share, Inc., DBA Christian Care Ministry, et al*, Case Nos. MIA-2020-06-019; MIA-2020-06-022; MIA-2020-06-023; MIA-2020-06-023; MIA-2020-07-001; MIA-2020-02-005; and MIA-2020-07-010, Memorandum Opinion dated August 18, 2022.

Moreover, the Supreme Court has identified three criteria relevant in determining whether a particular practice is part of the "business of insurance." The criteria include: (1) whether the practice has the effect of transferring or spreading a policyholder's risk; (2) whether the practice is an integral part of the policy relationship between the insurer and the insured; and (3) whether the practice is limited to entities within the insurance industry. *Union Lab. Life Ins. Co. v. Pireno*, 458 U.S. 119, 120 (1982). "None of these criteria is necessarily determinative in itself[.]" *Id.* at 129. Rather, making the determination whether a particular practice is part of the business of insurance is a factually dependent analysis which is best left to the state agency responsible for regulating insurance. *See generally FPC v. Louisiana Power & Light Co*., 406 U.S. 621 (1972) (holding the Federal Power Commission had primary jurisdiction to determine if an entity was subject to its authority). There simply is no factual record before this Court that would allow for such a determination. Plaintiffs' claims are therefore not fit for review.

Further, the prerequisites for judicial review of pre-enforcement administrative actions are stated in the leading case of *Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967), which provides the definitive test for determining ripeness. *Bankers Life & Casualty Co. v. Callaway*, 530 F.2d 625 (5th Cir. 1976), *cert. denied*, 429 U.S. 1073 (1977). "[T]he finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury . . . . " *Williamson County Reg. Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 193 (1985).

Here, the Plaintiffs' Amended Complaint has brought only pre-enforcement challenges. However, Defendant has made no determination whether Samaritan's program constitutes the "business of insurance." Thus, Plaintiffs have not shown there is an "actual, concrete injury" they have suffered at the hands of Defendant and/or OSI." Therefore, Plaintiffs fail to show finality the fitness of the issue for judicial resolution.

**2.      Plaintiffs Have Not Shown They Will Suffer Hardship.**

Even if the lack of fitness "*might* not render an [action] unripe, [the Court] must also consider the hardship to the parties." *Texas Brine Co., LLC and Occidental Chemical Corp.*, 879 F.3d 1224, 1230 (10th Cir. 2018) (emphasis in original). When "assessing hardship to parties of withholding judicial resolution, [the Court's] inquiry 'typically turns upon whether the challenged action creates a "direct and immediate" dilemma for the parties.'" *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (D.N.M. 1995) (citing *El Dia, Inc. v. Hernandez Colon*, 963 F.2d 488 495 (1st Cir. 1992) (other citations omitted).

Here, neither Samaritan nor the Individual Plaintiffs have demonstrated any hardship that results in an immediate change to their current circumstances. The alleged hardship is entirely speculative. Thus, Plaintiffs have not shown that they are faced with a "direct and immediate

dilemma." Accordingly, there exists no urgency to this Court exercising jurisdiction over this matter.

Further, Samaritan, and presumably the Individual Plaintiffs, are making an as-applied challenge to the relevant provisions of the Insurance Code. *See* Doc. No. 32, at ¶¶ 243-45. It is therefore necessary for the Plaintiffs to "show that the policy or law as applied in the particular circumstances of [their individual] case infringed on conduct that was constitutionally protected." *Broadrick v. Oklahoma*, 413 U.S. 601, 610-11 (1973). The Plaintiffs must "show[] that the law has in fact been . . . unconstitutionally applied to [them]." *McCullen v. Coakley*, 573 U.S. 464, 485 n.4 (2014). However, Plaintiffs' as-applied challenge is entirely dependent "on contingent future events that may not occur as anticipated, or indeed may not occur at all." *Trump v. New York*, U.S., 592 U.S. 125, 131 (2020) (internal quotation marks and citations omitted). Because there are no pending enforcement actions nor threat of enforcement actions by Defendant or OSI against Plaintiffs, Plaintiffs' case "is riddled with contingencies and speculation that impede judicial review." *Id.*

Therefore, Plaintiffs have failed to demonstrate their claims are ripe for judicial review, and Plaintiffs' claims should be dismissed in accordance with Rule 12(b)(6).

## B. All Causes of Action Brought Against Defendant in her Personal Capacity are Barred by Qualified Immunity.

Moreover, Defendant should be dismissed from these proceedings based on qualified immunity. "[I]t is well established, once a defendant raises or asserts the defense of qualified immunity . . . in a motion to dismiss [for failure to state a claim] . . . the burden shifts to the plaintiff to show both facts and law to establish the defendant is not entitled to qualified immunity." *Gressly v. Deutsch*, 590 F. Supp. 1474, 1493 (D. Wyo. 1994). Specifically, the plaintiffs bear the burden of alleging sufficient facts that show—when taken as true—that the defendant "plausibly violated

15

their constitutional rights." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012). Dismissal under Rule 12(b)(6) is appropriate on the basis of qualified immunity when the plaintiffs' well-pleaded allegations, taken as true, do not "state a claim of violation of clearly established law." *Behrens v. Pelletier*, 516 U.S. 299, 306 (1996) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1996)). Plaintiffs' Amended Complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). Plaintiffs "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Here, Plaintiffs claim their legal challenges are "mainly [] as-applied challenge[s] to (a) OSI's policy and practice of subjecting HCSMs like Samaritan to the Insurance Code and (b) the application of certain provisions of the Code . . . to Samaritan." *See* Doc. No. 32, at p. 66, ¶ 243. Plaintiffs' assertions are based on "as-applied" theory brought "pre-enforcement." By its very nature, an as-applied challenge brought without any enforcement actions taken by Defendant cannot support a finding that an individual engaged in conduct that violated any constitutional rights. It is a prospective remedy. In this case, no action has been taken by Defendant or OSI against Samaritan. The Amended Complaint pleads contingent future events that may not occur as anticipated, or may not occur at all. The Amended Complaint provides no factual support to show that Defendant has engaged in any conduct in her individual capacity to establish that she violated the Plaintiffs' statutory or constitutional rights. Thus, the Amended Complaint simply fails "to state a claim to relief [against Defendant in her individual capacity] that is plausible on its face." *See Iqbal*, 556 U.S. at 678 (quotations omitted).

16

Therefore, the claims against Defendant in her individual capacity should be dismissed because she is entitled to qualified immunity and in accordance with Rule 12(b)(6).

**C.    Plaintiffs' Federal Preemption Claim Should Be Dismissed Because Plaintiffs Fail to Show How the New Mexico Insurance Code Violates the Supremacy Clause.**

Moreover, Plaintiffs' claim brought under federal preemption should be dismissed because Plaintiffs cannot show that the provisions of the Insurance Code, which have not been applied against Samaritan, violate the Supremacy Clause of the federal Constitution. Therefore, Plaintiffs fail to state a claim upon which relief can be granted. This Court can rule on a Rule 12(b)(6) motion to dismiss based on preemption. *See R.W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133, 1149 (10th Cir. 2009) (affirming in part the dismissal of plaintiff's state law claims because they were preempted by the Copyright Act on a 12(b)(6) motion converted to motion for summary judgment). Further, a pleading may be dismissed under a 12(b)(6) motion when there is a failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a pleading must recite "enough facts to state a claim to relief that is plausible on its face." *Schrock,* 727 F.3d at 1280.

Here, Plaintiffs' Amended Complaint alleges that Defendant's policies in applying the Insurance Code to HCSMs like Samaritan conflicts with federal laws requiring preemption under the Supremacy Clause of the federal Constitution. However, state laws are only preempted under the Supremacy Clause in three circumstances: (1) when "Congress [] define[s] explicitly the extent to which its enactments pre-empt state law;" (2) "in the absence of explicitly statutory language, state law is pre-empted where it regulates conduct in a field that Congress intended the Federal Government occupy exclusively;" and (3) "state law is pre-empted to the extent that it actually conflicts with federal law." *Glannon v. Garrett & Associates, Inc.*, 261 B.R. 259, 263 (D. Kan. 2001) (citing *English v. General Electric Co.*, 496 U.S. 72, 78 (1990)) (internal quotations

omitted). Plaintiffs primarily argue the third element, and cite to federal laws in which the application of the New Mexico Insurance Code allegedly conflicts. However, Plaintiffs' argument is invalid for two reasons: (1) regardless of Samaritan's status under federal law, it is still subject to the laws of the State in which is chooses to do business, especially if that business is insurance; and (2) Defendant has not brought an enforcement action against Samaritan in which Samaritan has a valid reason to bring a cause of action under federal preemption.

Regardless of how Samaritan identifies itself under federal law, it is still subject to the laws of New Mexico. Further, there is no express intent that Congress intended for federal law to preempt state regulation of entities acting as insurance companies. *See MacGillivray v. Lederle Lab's Div. American Cyanimid Co.*, 667 F. Supp. 743, 744 (D.N.M. 1987) ("Where express intent is lacking, there is a strong presumption that Congress did not intend to displace state law."). New Mexico Courts have also found that there is strong presumption against preemption in areas of law that are traditionally subject to state regulation, such as insurance law. *See Azar v. Prudential Ins. Co. of America*, 2003-NMCA-062, ¶ 41, 133 N.M. 669. Therefore, if Defendant did apply the provisions of the New Mexico Insurance Code to Samaritan, which it has not, and found that Samaritan violated the Code, Samaritan would not be preempted from the Code's penalties. Moreover, Courts will typically give deference to the expertise of state agencies and regulatory bodies. *See Tesoro Alaska Petroleum Co. v. Kenai Pipe Line Co.,* 746 P.2d 896, 903 (Alaska 1987) ("When an agency that is governed by a particular statute construes or applies that statute, the court will begin by according some deference to the agency's interpretation . . . The court will confer a heightened degree of deference to legal questions that 'implicate special agency expertise or the determination of fundamental policies within the scope of the agency's statutory function.'"). Therefore, if Defendant and/or OSI *did* bring an enforcement or litigation action against Samaritan,

it is likely that the Court would give deference to Defendant and OSI in its determination. However, there has been no such determination.

Moreover, in their Amended Complaint, Plaintiffs generally argue that Samaritan cannot be insurance pursuant to the definitions provided in the McCarren-Ferguson Act, 15 U.S.C. § 1012-1022 (the "Act"). The Act requires a strong presumption against preemption under state insurance laws. *See State of Kan. ex. rel. Todd v. U.S.*, 995 F.2d 1505, 1511 (10th Cir. 1993). The Act does not apply if an act of Congress "'specifically relates to the business of insurance.'" *Id.*; *see also* 15 U.S.C. § 1012(b). At this time, Defendant has not applied *any* laws to Samaritan that relate to the business of insurance.

Plaintiffs do, however, bring up several enforcement actions against other HCSMs Defendant has taken, including against Liberty HealthShare. The four primary sections of the Insurance Code at issue in the Liberty HealthShare proceeding were NMSA 1978, §§ 59A-1-5, 59A-5-10(A), 59A-15-16, and 59A-16-21.2 (defining insurance; requiring persons or entities acting as insurers without a proper certificate of authority; defining who is subject to the jurisdiction of the Insurance Code and the Superintendent; requiring persons and entities to have valid licenses to sell health benefit plans; and defining health benefit plans and health insurance carrier). *See In the Matter of Gospel Light Mennonite Church Medical Aid Plan, dba Liberty Healthshare,* Docket No. 2021-0085, *Recommended Decision and Order Setting Deadline for Exceptions,* dated January 20, 2023. These statutes clearly are aimed at protecting or regulating the relationship between the insurance company and the policyholder, or in the case of a HCSM, the relationship between the HCSM and its members.  As such, these statutes are not preempted by federal law.

Therefore, Plaintiffs' federal preemption claim should be dismissed in accordance with Rule 12(b)(6).

    **D.    Plaintiffs are not Entitled to Declaratory Relief Because They Fail to Demonstrate that Defendant Violated Their Constitutional Rights.**

In addition to Plaintiffs not being entitled to declaratory relief due to Eleventh Amendment Immunity, Plaintiffs are also not entitled to such relief because they fail to show how the non-action taken against Samaritan by Defendant violates their constitutional rights. Thus, Plaintiffs have failed to state a claim upon which relief can be granted. In passing 42 U.S.C. § 1983, Congress allowed plaintiffs to bring claims against the State or local officials. However, the passing of 42 U.S.C. § 1983 did not create substantive rights under that statute. Rather, substantive rights must come from the federal Constitution or from a federal statute. *See Nelson v. Geringer*, 295 F.3d 1082, 1097 (10th Cir. 2002). To state a claim upon which relief can be granted under Section 1983, "a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Supreme Court of the United States has clarified that, in alleging a Section 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Plaintiffs make conclusory allegations that Defendant will be violating their constitutional rights in the event future enforcement action is taken, but the Amended Complaint fails to allege any facts showing that Defendant has actually infringed on any of the Plaintiffs' constitutional rights. Contingent future events that may not occur as anticipated, or may not occur at all, do not amount to a deprivation of a federal right. For these reasons, the Amended Complaint is legally or factually insufficient to state a plausible claim for relief pursuant to 42 U.S.C. § 1983.

Therefore, Plaintiffs' claim under federal preemption should be dismissed because they fail to show Defendant has violated their constitutional rights and in accordance with Rule 12(b)(6).

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, the Defendants respectively request that this Court grant the following relief: (i) grant Defendant's Motion to Dismiss in Lieu of an Answer to Plaintiffs' Amended Complaint; (ii) dismiss Plaintiffs' Amended Complaint with prejudice; and (iii) grant any other relief this Court finds just and proper.

Respectfully submitted,

**OFFICE OF THE SUPERINTENDENT OF INSURANCE**

By:   */s/ Stephen P. Thies*
Stephen P. Thies
Jacqueline N. Ortiz
Alyssa N. Herrera
6200 Uptown Blvd. NE, Ste. 400
Albuquerque, NM 87110
(505) 383-0800
stephen.thies@osi.nm.gov
jacqueline.ortiz@osi.nm.gov
alyssa.herrera@osi.nm.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2024, a true and accurate copy of the foregoing *Defendant's Motion to Dismiss Plaintiffs' Amended Complaint in Lieu of an Answer* was electronically filed with the Court and served upon the parties by means of the CM/ECF system.

*Stephen P. Thies*
Stephen P. Thies