IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMARITAN MINISTRIES INTERNATIONAL,
ZACHARY CORDEL, RACHEL CORDEL,
DAVID ALLAN BELL, MONETTE BELL, REV.
ANDREW HEATH, HEATHER HEATH, JAY
O'NEILL, AMY O'NEILL, REV. NATHAN
BIENHOFF, and REBEKAH BIENHOFF,

    Plaintiffs,

v.

                              No. 1:23-cv-01091-MIS-SCY

ALICE T. KANE,
in her personal capacity and in her official
capacity as Superintendent of Insurance for New
Mexico,

    Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' AMENDED COMPLAINT**

THIS MATTER comes before the Court on Defendant Alice Kane's Motion to Strike Plaintiffs' Amended Complaint, ECF No. 34, filed July 17, 2024. Plaintiffs Samaritan Ministries International ("Samaritan"), Zachary Cordel, Rachel Cordel, David Allan Bell, Monette Bell, Rev. Andrew Heath, Heather Heath, Jay O'Neill, Amy O'Neill, Rev. Nathan Bienhoff, and Rebekah Bienhoff (collectively "Plaintiffs") filed a response on July 22, 2024, ECF No. 36, to which Defendant replied on August 5, 2024, ECF No. 37, and Plaintiffs sur-replied on August 15, 2024, ECF No. 43. Upon review of the record, the parties' submissions, and the relevant law, the Court will GRANT in part and DENY in part the Motion, STRIKE the Amended Complaint, and provide Plaintiffs leave to amend.

**I.    BACKGROUND**

On December 7, 2023, Plaintiffs filed a Verified Complaint ("Complaint") containing

1

1,770 factual allegations across 366 pages, to which they attached 68 exhibits amounting to an additional 1,587 pages. ECF No. 1. On June 6, 2024, the Court issued an Order Striking the Complaint for non-compliance with Federal Rule of Civil Procedure 8(a)(2), which requires that plaintiffs use "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" ECF No. 30 at 2; *see also id.* at 4 (noting "[m]uch of the complaint is legal argument"). In striking the Complaint, the Court ordered that "Plaintiffs have thirty days from the date of this order to file an amended complaint, simply and concisely constructed, embodying short and plain statements of Plaintiffs claims, and conforming to the above rules and guidance." *Id.* at 5. On July 8, 2024, Plaintiffs filed a Verified First Amended Complaint ("Amended Complaint") containing 484 factual allegations across 106 pages, to which they attached 26 exhibits amounting to an additional 341 pages. ECF No. 32.

On July 17, 2024, Defendant filed a Motion to Strike Plaintiffs' Amended Complaint, asking the Court to strike the Amended Complaint and dismiss with prejudice as a sanction. ECF No. 34 at 5. On July 22, 2024, Plaintiffs filed a Response. ECF No. 36. On August 5, 2024, Defendant filed a Reply. ECF No. 37. On August 15, 2024, Plaintiffs filed a Sur-reply with leave of the Court. ECF No. 43; *see also* ECF No. 41.

## II.    LEGAL STANDARD

When drafting a complaint, Federal Rule of Civil Procedure 8(a)(2) requires that plaintiffs use "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" With brevity in mind, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and citation omitted). To meet this standard, a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

The Court has authority to strike "any redundant, immaterial, impertinent, or scandalous matter." *See Lowrey v. Sandoval Cnty. Child., Youth and Fams. Dep't*, No. 1:22-cv-00565-DHU-LF, 2023 WL 2499716, at *1 (D.N.M. Mar. 14, 2023) (quoting Fed. R. Civ. P. 12(f)); *see also Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1142 (7th Cir. 2009). Matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." *Jenkins v. City of Las Vegas*, 333 F.R.D. 544, 548 (D.N.M. 2019) (citation and quotation marks omitted). "[I]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (citation and quotation marks omitted). The purpose of Rule 12 is to "minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial." *Resol. Tr. Corp. v. Fleischer*, 835 F. Supp. 1318, 1320 (D. Kan. 1993).

## III.   DISCUSSION

### A.   Motion to Strike

Defendant argues that Plaintiffs' Amended Complaint, ECF No. 32, should be stricken for violating Rule 12(f) because it contains immaterial and impertinent matters, and despite the reduction in length, it is still burdensomely lengthy. ECF No. 34 at 3; *see also* ECF No. 37 at 5-6. As examples, Defendant specifically points to 53 paragraphs in the Amended Complaint that describe particulars of Samaritan as irrelevant and unnecessary to make a well-pleaded complaint. *See id.* at 4 (citing ECF No. 32 ¶¶ 38-91). Defendant also notes that the Amended Complaint contains inappropriate legal argumentation throughout. *Id.*

Plaintiffs respond that they reduced the overall complaint and exhibits by 75%, complying with the Court's guidance. ECF No. 36 at 1-2. They argue that the length is warranted in this case because of the complexity of litigation related to their claims and that length is necessary to survive

3

a motion to dismiss. *Id.* at 2-3, 4-5; *see also* ECF No. 43 at 5-7. Plaintiffs add that their Amended Complaint is well-organized, does not impede Defendant's ability to answer, and length alone is not sufficient reason to dismiss the complaint. *Id.* at 3.[1] They also argue that striking a complaint in its entirety is a drastic remedy. ECF No. 43 at 1 (citing *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011); *Sedillo Elec. v. Colo. Cas. Ins. Co.*, No. 1:15-cv-01172 RB/WPL, 2016 WL 10565428, at *2 (D.N.M. Apr. 22, 2106); *Khan v. Barela*, No. 15-cv-1151 MV/SMV, 2021 WL 107245, at *8 n.24 (D.N.M. Jan. 12, 2021)). Plaintiffs also argue that Defendants have fair notice of the grounds for their claims. *Id.* at 2-5.

For the reasons that follow, the Court finds that the Amended Complaint should be stricken for failure to comply with the Federal Rules of Civil Procedure and this Court's Order of June 6, 2024.

Under Rule 8, a pleading must be short and plain, stating the grounds for the Court's jurisdiction, the claim which shows plaintiff is entitled to relief, and a demand for judgment. Fed. R. Civ. P. 8(a). In answering, defendant must admit or deny all allegations and risks admission of an allegation if they fail to deny an allegation. Fed. R. Civ. P. 8(b); *see Ullery v. Bradley*, 949 F.3d 1282, 1288 (10th Cir. 2020) ("Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.") (quotation marks and citation omitted). Taken together, the necessity for the pleading standard is clear—when the rule requires that defendant respond to each allegation, a complaint that includes more than is necessary for pleading creates a cumbersome task for defendant with the risk that the court will deem an allegation admitted. For this reason, legal argumentation, legal conclusions,

---

[1] Plaintiffs also argue that the paragraphs describing Samaritan's dispute-resolution procedures are necessary to substantiate their claim of constitutional violations. *See id.* at 6-7. The Court is not striking specific paragraphs at this time.

and evidentiary support are inappropriate at the pleading stage and better left to discovery and summary judgment. *See Clements v. Alto Tr. Co.*, No. CIV 22-00062 RB/SCY, 2022 WL 4271549, at *4 (D.N.M. Sept. 15, 2022) ("[Legal argumentation and conclusions] are unnecessary and inappropriate in the context of a complaint, and they force Defendants and this Court to hunt for the relevant factual allegations and claims for relief."); *see also Jenkins*, 333 F.R.D. at 550.

Matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." *Jenkins*, 333 F.R.D. at 548 (citation and quotation marks omitted). "[I]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (citation and quotation marks omitted). The purpose of Rule 12 is to "minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial." *Resol. Tr. Corp. v. Fleischer*, 835 F. Supp. 1318, 1320 (D. Kan. 1993).

The Amended Complaint contains many descriptive paragraphs, including the section that provides an overview of Samaritan. ECF No. 32 ¶¶ 38-91; *see also* ECF No. 34 at 4 (arguing this section is an example of immaterial and impertinent matter). Where the Court requires understanding of an unfamiliar matter, narrative can assist in providing context to support a claim. *See Sedillo*, 2016 WL 10565428 at *2. However, an exhaustive list of every fact that plaintiff believes is necessary to prove their case is, in fact, unnecessary to the point of immaterial. *See Ullery*, 949 F.3d at 1288; *Jenkins*, 333 F.R.D. at 548. Considering the number and type of claims made in the Amended Complaint, the paragraphs describing Samaritan may be helpful narrative, and the Court declines to specifically strike them at this time. In amending their complaint, the Court encourages Plaintiffs to consider what is sufficient to support their claims and only include that which is necessary.

More troublesome to the Court, improper legal argumentation and conclusions clutter the Amended Complaint, muddying the alleged facts underlying the claims. As an example but by no means the sole occurrence, in paragraph 209, Plaintiffs allege: "Like Superintendent Maria Vullo of New York, Defendant Kane has threatened to use her power to punish an organization and/or its views in violation of the First Amendment." ECF No. 32 ¶ 209 (citation omitted). This statement may have a scintilla of an allegation related to Defendant's conduct, but it is obscured by legal argument that would require the reader to refer to the case cited, determine the conduct at issue in that case, and then refer to the previous 208 paragraphs in the complaint to determine the alleged conduct in this case. The argument and accompanying case cited may be valid at the motion to dismiss or summary judgment stages, but at the pleading stage, which only requires short and plain statements, this legal argument is impertinent. *See Jenkins*, 333 F.R.D. at 548; *see also Clements*, 2022 WL 4271549 at *4. As legal argumentation and conclusions are throughout the complaint, the Court will not spend its resources striking each occurrence at this time. In amending their complaint, Plaintiffs shall make short and plain statements of factual allegations and refrain from legal argumentation.

For these reasons, the Court finds that the Amended Complaint violates Rule 8 and Defendant's Motion to Strike Plaintiffs' Amended Complaint is GRANTED to the extent that the Court orders the Amended Complaint to be STRICKEN. Fed. R. Civ. P. 8.

**B.      Motion for sanctions**

Defendant argues that the Amended Complaint should be dismissed with prejudice as a sanction for violating the Court's order to file an amended complaint using short and plain statements in compliance with Rule 8. ECF No. 34 at 5-6. Defendant applies a five-factor analysis in favor of sanctions: (1) "Defendant is still prejudiced by the length and excessiveness of Plaintiffs' Amended Complaint"; (2) the complaint fails to comply with the Court's order; (3)

Plaintiffs had the ability to file an amended complaint; (4) even though the Court did not explicitly state that dismissal was an optional sanction, sanctions are a risk for violating any court's orders; and (5) a lesser sanction would not be effective because Plaintiffs "ignored the Court order." *Id.* at 5-7 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citation and quotation marks omitted)).

Plaintiff responds that the ultimate sanction of dismissal is only appropriate if no other alternative exists. ECF No. 36 at 7. Plaintiff argues that the five *Ehrenhaus* factors are not satisfied because (1) the Amended Complaint is "well-organized and easily understood" such that it's length and complexity do not prejudice the Defendant; (2) the Amended Complaint complies with the Court's order because Plaintiffs reduced the length by 75%; (3) Plaintiffs have complied with the Court's order in good faith; (4) the Court has provided no warning of the risk of dismissal; and (5) alternative sanctions are available, such as setting a page limit. *Id.* at 7-8.

The five *Ehrenhaus* factors for determining whether dismissal is an appropriate sanction are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (citations omitted).

First, as discussed *supra*, the Amended Complaint contains immaterial and impertinent matter which does prejudice the Defendant. However, the Court did not specify length in its previous order and, because Plaintiffs made noticeable effort to reduce the page length, the Court does not consider length in its above analysis in determining whether to strike the Amended Complaint. While the Court does find the Amended Complaint unnecessarily long, setting a page

limit, at least at this time, appears somewhat arbitrary[2] in view of the appearance of complexity related to the regulation of healthcare sharing ministries and the numerosity of Plaintiffs' claims.

Second, as discussed *supra*, the Amended Complaint does not comply with the Court's order because it does not comply with Rule 8. However, by exercising its discretion to strike the Amended Complaint, the Court is furthering the judicial process and does not deem a good-faith effort to amend a first complaint to interfere with that process.

Third, Plaintiffs reduced the length of their complaint by approximately 75%. Even though the Court finds that the Amended Complaint violates Rule 8, the substantial reduction in page numbers indicates a desire to comply with the Court's order and a good-faith effort to do so.

Fourth, "under the *Ehrenhaus* factors, notice is not a prerequisite for dismissal[.]" *Gross v. Gen. Motors Corp.*, 252 F.R.D. 693, 697 (D. Kan. 2008) (citing *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1149 (10th Cir. 2007)). Further, at the very least, Plaintiffs were on constructive notice that dismissal for failure to comply is an available sanction. *See Ecclesiastes*, 497 F.3d at 1150 (finding that plaintiff was on constructive notice because the district court "left open, if not highlighted, such a possibility" when it denied a motion to dismiss for lack of prosecution, noted it could apply sanctions and "warned parties to proceed 'with all dispatch.'"). Specifically, this Court's citations to authority in support of striking the original Complaint included a parenthetical explanation of each case—three of which the Court explicitly noted were dismissed for failure to comply with Rule 8 or a court order. *See* ECF No. 30 at 4. For future reference, Plaintiffs are on actual notice that failure to comply with this Order or the Federal Rules

---

[2] As a guide for determining the length of their 106-page Amended Complaint, Plaintiffs used the mean page-length from the six cases cited to in the Court's order. *See* ECF No. 36 at 2. Considering the page-length spread of the data set—43 pages, 63 pages, 96 pages, 98 pages, 100 pages, and 240 pages—median could also be a reasonable guide, which would be 97 pages. Alternatively, the lowest number in the data set—43 pages—could also be a reasonable guide because all of the complaints in the data set were dismissed or stricken due, in whole or in part, to page number.

of Civil Procedure could result in dismissal with or without prejudice, *see Ecclesiastes*, 497 F.3d at 1149-50; *see also* Fed. R. Civ. P. 12; *Lee*, 638 F.3d at 1321 (finding that three failed attempts at pleading "is strong evidence of willfulness and bad faith").

Fifth, because Plaintiffs amended their complaint in good faith, the Court finds that Plaintiffs did not ignore the Court's order. Therefore, the Court has reason to believe that the ultimate sanction of dismissing with prejudice is unnecessary at this time in light of alternatives available. *See Ehrenhaus*, 965 F.2d at 921 ("Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.") (citation omitted).

In weighing these factors, the Court finds that the sanction of dismissal with prejudice is unwarranted. Plaintiffs are warned that this may be the final opportunity to amend that the Court will grant them. Failure to file a second amended complaint that complies with the Federal Rules of Civil Procedure and this Order may lead to dismissal with or without prejudice.

## IV.   CONCLUSION

For the foregoing reasons:

1. Defendant's Motion to Strike Plaintiffs' Amended Complaint is **GRANTED** in part and **DENIED** in part consistent with this Order;

2. Plaintiffs' Verified First Amended Complaint [ECF No. 32] is **STRICKEN**; and

3. Plaintiffs have fourteen days from the date of this order to file a second amended complaint, conforming to the above rules and guidance.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE