IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMARITAN MINISTRIES INTERNATIONAL,
ZACHARY CORDEL, RACHEL CORDEL,
DAVID ALLAN BELL, MONETTE BELL, REV.
ANDREW HEATH, HEATHER HEATH, JAY
O'NEILL, AMY O'NEILL, REV. NATHAN
BIENHOFF, and REBEKAH BIENHOFF,

    Plaintiffs,

v.

                                                                       No. 1:23-cv-01091-MIS-SCY

ALICE T. KANE,
in her personal capacity and in her official
capacity as Superintendent of Insurance for New
Mexico,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT

THIS MATTER comes before the Court on Defendant Alice Kane's Motion to Strike Plaintiffs' Second Amended Complaint, ECF No. 51, filed October 2, 2024. Plaintiffs Samaritan Ministries International ("Samaritan"), Zachary Cordel, Rachel Cordel, David Allan Bell, Monette Bell, Rev. Andrew Heath, Heather Heath, Jay O'Neill, Amy O'Neill, Rev. Nathan Bienhoff, and Rebekah Bienhoff (collectively "Plaintiffs") filed a response on October 9, 2024, ECF No. 54, to which Defendant replied on October 23, 2024, ECF No. 56, and Plaintiffs filed a surreply with leave from the Court on October 30, 2024, ECF No. 60. Upon review of the record, the parties' submissions, and the relevant law, the Court will DENY the Motion.

**I.    BACKGROUND**

On December 7, 2023, Plaintiffs filed a Verified Complaint ("Complaint") containing 1,770 factual allegations across 366 pages, to which they attached 68 exhibits amounting to an

additional 1,587 pages. ECF No. 1. On June 6, 2024, the Court issued an Order Striking the Complaint for non-compliance with Federal Rule of Civil Procedure 8(a)(2), which requires that plaintiffs use "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" ECF No. 30 at 2; *see also id.* at 4 (noting "[m]uch of the complaint is legal argument").

On July 8, 2024, Plaintiffs filed a Verified First Amended Complaint ("Amended Complaint") containing 484 factual allegations across 106 pages, to which they attached 26 exhibits amounting to an additional 341 pages. ECF No. 32. On July 17, 2024, Defendant filed a Motion to Strike Plaintiffs' Amended Complaint, asking the Court to strike the Amended Complaint and dismiss with prejudice as a sanction. ECF No. 34 at 5. On August 27, 2024, the Court granted the motion in part and denied the motion in part, striking the Amended Complaint, denying the request to dismiss with prejudice, and giving Plaintiffs leave to file a second amended complaint. ECF No. 48. In its order, the Court did not set a page limit and instead directed that "Plaintiffs shall make short and plain statements of factual allegations and refrain from legal argumentation." *Id.* at 6.

On September 20, 2024, Plaintiffs filed a Second Amended Complaint, 67 pages long, containing 360 factual allegations, and with 18 exhibits attached for a total of 293 pages. ECF No. 50. On October 2, 2024, Defendant filed the instant Motion to Strike Plaintiffs' Second Amended Complaint. ECF No. 51. On October 9, 2024, Plaintiffs filed a Response. ECF No. 54. On October 23, 2024, Defendant filed a Reply. ECF No. 56. On October 30, 2024, Plaintiffs filed a Surreply, ECF No. 60, with leave from the Court, ECF No. 58.

## II. LEGAL STANDARD

When drafting a complaint, Federal Rule of Civil Procedure 8(a)(2) requires that plaintiffs use "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" With

brevity in mind, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and citation omitted). To meet this standard, a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

The Court has authority to strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Lowrey v. Sandoval Cnty. Child., Youth and Fams. Dep't*, No. 1:22-cv-00565-DHU-LF, 2023 WL 2499716, at *1 (D.N.M. Mar. 14, 2023); *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1142 (7th Cir. 2009). The purpose of Rule 12 is to "minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial." *Resol. Tr. Corp. v. Fleischer*, 835 F. Supp. 1318, 1320 (D. Kan. 1993). "While courts generally disfavor motions to strike, the decision of whether to strike a portion of the pleadings is within the court's discretion." *Jenkins v. City of Las Vegas*, 333 F.R.D. 544, 548 (citing *Sundance Servs., Inc. v. Roach*, Civ. No. 10-110 JP/CEG, 2011 WL 13285462, at *2 (D.N.M. June 2, 2011); Fed. R. Civ. P. 12(f)); *see also Sedillo Elec. v. Colo. Cas. Ins. Co.*, No. 1:15-cv-01172 RB/WPL, 2016 WL 10565428, at *2 (D.N.M. Apr. 22, 2016). "Additionally, if evidentiary facts are pleaded, and they aid in giving a full understanding of the complaint as a whole, they need not be stricken." *Sedillo*, 2016 WL 10565428 at *2 (quotation marks and citation omitted).

**III. DISCUSSION**

Defendant argues that Plaintiffs' Second Amended Complaint, ECF No. 50, should be stricken for violating Rule 12(f) because it "includes 'immaterial' and 'impertinent' matters and is not short or plain." ECF No. 51 at 4 (citing *Murray v. Sevier*, 149 F.R.D. 638, 640 (D. Kan. 1993)). Defendant specifically points to six sections of the Second Amended Complaint that are "excessive

3

background . . . unnecessary for Plaintiffs to assert their claims against Defendant, especially because many of the paragraphs are irrelevant to Samaritan, the Individual Plaintiffs, and their claims." *Id.* at 5 (citing ECF No. 50 at 2, 7-8, 37-39 as examples of irrelevant material). Plaintiff also argues that the complaint continues to have improper legal argumentation, *id.* (citing to ECF No. 50 at 3 as an example), and that "Plaintiffs attempt to argue their case at the pleadings stage by including legal arguments and conclusions throughout the Second Amended Complaint[,]" *id.* at 6 (citations omitted).

Plaintiffs respond that Defendant has not met the high burden required for striking pleading material. ECF No. 54 at 2 (citing *Salazar v. Furr's, Inc.*, 629 F. Supp. 1403, 1411 (D.N.M. 1986); *Bd. of Educ. of Albuquerque Pub. Schs. v. Newson*, No. CV 15-00271 WJ/WPL, 2015 WL 13651177, at *1 (D.N.M. Sept. 18, 2015); *Skratch Labs LLC v. Delivery Native, Inc.*, Civil Action No. 20-cv-1565-WJM-STV, 2021 WL 1406021, at *5 (D. Colo. Apr. 14, 2021)). Plaintiffs argue that Rule 8 does not require a "short and plain *complaint*" or fair notice on the grounds for each claim, and that fair notice may include legal conclusions. *Id.* at 2-5 (citations omitted) (emphasis theirs). Plaintiffs add that courts have long considered evidentiary exhibits proper pleading materials, that Plaintiffs have fair notice of the claims against them, and that Plaintiffs have drastically reduced the overall length of the pleading, the legal argumentation, and attached exhibits. *Id.* at 4-11 (citations omitted).

Defendant replies that she is prejudiced by the improper legal arguments, legal conclusions, and evidentiary documents because the material is burdensome and confuses the issues. ECF No. 56 at 5-6. Defendant adds that Plaintiff incorrectly places a burden of showing prejudice on Defendant. *Id.* at 6 (citing *Jenkins*, 333 F.R.D. at 548).

In their Surreply, Plaintiffs add that their Second Amended Complaint is "within the norms

4

for Modern civil-rights pleading." ECF No. 60 at 3 (citations omitted).

For the reasons that follow, the Court finds Defendant's Motion to Strike Plaintiffs' Second Amended Complaint should be DENIED.

Rule 12 provides the Court with authority to strike, but it is not a strict mandate that requires courts to strike material that does not perfectly conform to the Rule 8 pleading standard. *See Jenkins*, 333 F.R.D. at 548; *see also Salazar*, 629 F. Supp. at 1411; *Sedillo*, 2016 WL 10565428 at *2. Instead, Rule 12 grants discretionary authority to be used in furtherance of judicial efficiency. *See Resol. Tr. Corp.*, 835 F. Supp. at 1320.

In its Order striking the First Amended Complaint, the Court noted that the Amended Complaint contained many descriptive paragraphs but declined to strike any specific material because narrative can provide helpful context. ECF No. 48 at 5. Additionally, the Court noted that Plaintiffs used inappropriate legal argumentation throughout the Amended Complaint. *Id.* at 6. While the Court encouraged Plaintiffs to consider what material is sufficient at the pleading stage and include only that which is necessary in their complaint, it required that Plaintiffs remove burdensome legal argumentation. *Id.* at 5-6. In amending their complaint a second time, Plaintiffs reduced the complaint from 106 pages to 67 pages and removed the obvious legal argumentation that contained case citations, which indicates to the Court that Plaintiffs made a good faith and thoughtful effort in complying with its Order.

In asking the Court to strike the Second Amended Complaint, Defendant appears to ask the Court to resolve whether Plaintiffs' allegations are properly pleaded or merely conclusory. *See* ECF No 56 at 5-6. The Court finds that any further determination of whether a particular allegation is properly pleaded is better left to the motion-to-dismiss stage. *See Iqbal*, 556 U.S. at 678.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike Plaintiffs' Second Amended Complaint is **DENIED.**

*/s/ Margaret Strickland*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE